*171 SUMMARY ORDER
Bakary Marega, A78-212-197, petitions for review of the September 11, 2003 order of the BIA dismissing his appeal from the decision of the Immigration Judge (“IJ”) George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Marega contends that the IJ’s decision was erroneous because it contained flawed and undeveloped reasoning as to the finding of adverse credibility and the rejection of his evidence. Because the BIA affirmed the IJ’s decision without opinion, we review the IJ’s decision directly. Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). We assume the parties’ familiarity with the facts and the procedural history.
In his decision, the IJ first noted that Marega’s testimony was meager and lacking in detail, inconsistent regarding some dates, and not corroborated by evidence of persecution of black Mauritanians during 1996-1998. Although, considered together, these are proper bases for an adverse-credibility finding, see Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000), the IJ never expressly made such an adverse-credibility finding. Although it appears that the IJ thought that the bulk of Marega’s testimony was fabricated, it also appears that the IJ understood at least some of the testimony to be otherwise, stating, “[Marega] is unsure of the dates and is very confused. No doubt due to the fact that he is making up most of his story.” IJ Dec. at 5 (emphasis added). The IJ did not further explain which parts of Marega’s story the IJ deemed fabricated or what details the IJ found lacking. This failure to make an express credibility determination ignores our cautionary warnings. Diallo, 232 F.3d at 290 (“[T]he BIA should decide explicitly whether or not [an alien’s] testimony was credible.”).
Further, the IJ proceeded to analyze whether Marega could corroborate his testimony of his Mauritanian citizenship, without explaining whether this inquiry was relevant to assessing Marega’s credibility or to determining whether Marega has met his burden. Id. at 290. The IJ insisted upon production of a birth certificate to corroborate Marega’s testimony that he was a Mauritanian citizen. IJ Dec. at 5-6. Marega had explained that he could not present a birth certificate because it was destroyed while in clothes that Marega had laundered, but the IJ seems to have rejected this explanation, using apparent sarcasm to label the birth certificate’s disappearance “convenient,” without any further explanation. Id. at 6. Similarly, the IJ did not specifically explain his implicit conclusion that Marega’s consular card was insufficient to corroborate Marega’s claim of Mauritanian citizenship, a failure especially troubling given that the INS forensic report on the consular card was indeterminate at worst and favorable to Marega in other respects.
The confusing structure of the IJ’s decision leaves this court unsure of the basis for the IJ’s ruling. The IJ appears to have concluded that (1) Marega’s inability to corroborate his citizenship “coupled with” (2) Marega’s “meager and unspecific testimony”[2] kept Marega from meeting the burden of proof necessary to establish eligibility for asylum. IJ Dec. at 6. By this language, the IJ could have meant that each of these two weaknesses independently supported denial of asylum relief, or he could have meant that only together did *172 these two weaknesses foreclose that relief. We cannot affirm the IJ’s decision where its basis is unclear. We will not hold against Marega the IJ’s failure to clearly explain his ruling, and therefore error in either of the IJ’s two reasons will invalidate the IJ’s decision.
With respect to the purported lack of documentary corroboration of Marega’s citizenship, although the IJ cited “the standard as illicited [sic] in Moussa Diallo v. INS, ” the IJ erred in applying that standard. In Diallo, we required that, to find an alien’s burden of proof not met for lack of corroboration, the BIA must explain specifically “(1) why it is reasonable under the BIA’s standards to expect such corroboration; and (2) why [the alien’s] proffered explanations for the lack of corroboration are insufficient.” Diallo, 232 F.3d at 290. Although it is true that this standard applies only in the ease of an otherwise credible applicant, see Xiao Ji Chen v. U.S. DOJ, 434 F.3d 144, 164 (2d Cir.2006), we cannot ignore its relevance given that it is unclear whether the IJ made an adverse credibility finding and, if he did, its extent. Here, the IJ failed to explain why he discredited Marega’s explanation for the lack of a birth certificate, and he failed to explain why he found that Marega’s consular card did not provide the requested corroboration. The IJ failed to note that while the forensics examiner could not conduct a comprehensive examination of the consular card, the examiner believed that, based on numerous characteristics, the document was probably what it purported to be. Administrative R. at 328. Thus, the IJ erred in applying the standards for evaluating corroborative evidence. This invalidates his decision.
Accordingly, we GRANT the petition for review, VACATE the BIA’s order insofar as it denied asylum relief and withholding of removal, and REMAND the case for further proceedings consistent with this order. We do not vacate the BIA’s order insofar as it denied CAT relief because Marega did not exhaust his administrative remedies regarding that claim by raising it before the BIA. See 8 U.S.C. § 1252(d)(1). Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

. Of course, "meager and unspecific testimony” was only one of the three bases on which the IJ reached his partial adverse-credibility finding, the other two bases being confusion about certain dates and the lack of any evidence corroborating persecution of black Mauritanians during 1996-1998. IJ Dec. at 5.